UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CONSENT PRELIMINARY ORDER OF |
|  | : | FORFEITURE/MONEY JUDGMENT |
| -v.- | : | S1 18 Cr. 201 (DLC) |
| MUBARAK BATURI, | : | S4 18 Cr. 201 (DLC) |
|     a/k/a "Jerry Hope," | : |  |
|     a/k/a "Eben Karsah," | : |  |
|     a/k/a "Emmanuel Obeng," | : |  |
|     a/k/a "Samuel Aboagye," and | : |  |
|     a/k/a "Antony Jefferson," | : |  |
|              Defendant. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on August 15, 2018, MUBARAK BATURI (the "Defendant"), was charged in an eight-count Superseding Indictment, S1 18 Cr. 201 (DLC) (the "Indictment"), with, *inter alia*, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, on February 8, 2019, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted

the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, on September 3, 2020, the Defendant was charged in an eight-count Superseding Information, S4 18 Cr. 201 (DLC) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to make false statements to a bank and to receive stolen money, in violation of Title 18, United States Code, Section 371 (Count Two); receipt of stolen money, in violation of Title 18, United States Code, Sections 2315 and 2 (Count Three); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), (b) & (c)(4), and 2 (Count Five); conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Count Six); making false statements, in violation of Title 18, United States Code, Sections 1001 and 2 (Count Seven); and bulk cash smuggling, in violation of Title 31, United States Code, Section 5332 and Title 18, United States Code, Section 2 (Count Eight);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any

and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of Counts One through Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the commission of the offense charged in Count Four of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Four of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Six of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting or derived from, proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count Six of the Information, and any and all personal property used or intended to be used to commit the offense charged in Count Six of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offense charged in Count Six of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Eight of the Information, seeking forfeiture to the United States, pursuant to Title 31, United States Code, Section 5332(b)(2), of any property, real or personal, involved in the offense charged in Count Eight of the Information, and any property traceable to such property;

3

WHEREAS, on September 3, 2020, the Defendant pled guilty to Counts One through Eight of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Four, Six, and Eight of the Information and agreed to forfeit the following to the United States:   (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts One through Three of the Information; (ii) pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money in United States currency representing the amount of property involved in the commission of the offense charged in Count Four of the Information; (iii) pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), a sum of money in United States currency, representing proceeds traceable to the commission of the offense charged in Count Six of the Information; and (iv) pursuant to Title 31, United States Code, Section 5332(b)(2), any property traceable to the commission of the offense charged in Count Eight of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $378,213.39 in United States currency, representing (i) the amount of proceeds traceable to the commission of the offenses charged in Count One of the Indictment and Counts One through Three and Six of the Information that the Defendant personally obtained; and (ii) the property involved in the offense charged in Count Four and Eight of the Information; and

4

WHEREAS, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One of the Indictment and Counts One through Three and Six of the Information that the Defendant personally obtained and the property involved in Counts Four and Eight of the Information cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney Sagar Ravi, of counsel, and the Defendant, by and through his counsel, Irving Cohen, Esq., that:

1.    As a result of the offenses charged in Count One of the Indictment and Counts One through Four, Six and Eight of the Information, to which the Defendant pled guilty, a money judgment in the amount of $378,213.39 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Count One of the Indictment and Counts One through Three and Six of the Information that the Defendant personally obtained, and property involved in Counts Four and Eight of the Information, shall be entered against the Defendant.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, MUBARAK BATURI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

4.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for United States

By: _____     _____
     SAGAR K. RAVI                                            9/30/21
     Assistant United States Attorney                         DATE
     One Saint Andrew's Plaza
     New York, NY 10007
     Office: (212) 637-2195
     Fax: (212) 637-0084


MUBARAK BATURI
Defendant

By  _____     _____
     MUBARAK BATURI                                       9/30/2021
                                                          DATE

By: _____     _____
     IRVING COHEN, Esq.                                   9/30/2021
     (Counsel for the Defendant)                          DATE
     230 West 79th Street, Suite Grb
     New York, NY 10024


SO ORDERED:


_____          _____
HONORABLE DENISE L. COTE                        DATE
UNITED STATES DISTRICT JUDGE

7

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for United States


By:   _____          _____
      SAGAR K. RAVI                          DATE
      Assistant United States Attorney
      One Saint Andrew's Plaza
      New York, NY 10007
      Office: (212) 637-2195
      Fax: (212) 637-0084


MUBARAK BATURI
Defendant


By    _____          _____
      MUBARAK BATURI                         DATE


By:   _____          _____
      IRVING COHEN, Esq.                     DATE
      *(Counsel for the Defendant)*
      230 West 79th Street, Suite Grb
      New York, NY 10024

SO ORDERED:

_____          September 30, 2021
HONORABLE DENISE L. COTE                  DATE
UNITED STATES DISTRICT JUDGE

7